IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| NORMAN McCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:09cv1038-MHT |
| ) | (WO) |
| PLUM CREEK TIMBERLANDS, ) | |
| L.P. ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Plaintiff Norman McCullough filed this lawsuit in an Alabama state court, charging defendant Plum Creek Timberlands, L.P. with breach of contract, tortious interference with a contract, fraud and misrepresentation, and conversion. Plum Creek removed this lawsuit to this federal court on the basis of diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1441 (removal) & 1332 (diversity of citizenship). This lawsuit is now before the court on McCullough's motion for remand. McCullough contends that Plum Creek did not file a timely notice of removal, did not allege complete

diversity of citizenship in its initial notice of removal, and failed to carry its burden of establishing the requisite amount in controversy.[1] For the reasons that follow, McCullough's remand motion will be denied.

I. BACKGROUND

The allegations in McCullough's complaint may be summarized as follows: Plum Creek is the current successor to a timber-sales agreement, of which McCullough is an intended third-party beneficiary. As part of an amendment to that agreement, McCullough obtained the contractual right to lease certain portions

---

1. McCullough also argues that remand is appropriate because "[t]he motion to Remove to Federal Court did not contain the necessary documentation at its filing in that the necessary corporate disclosure ... was filed after the Notice of Removal," and "due to the fact that [the lawsuit] involves a dispute over access to real property located in the State of Alabama and ... [Plum Creek] has substantial contracts (sic) with the State of Alabama and may also be a duly registered company in the State of Alabama." Mot. at 1 (Doc. No. 6). But McCullough cites no legal authority in support of either assertion, and the court is unaware of any such authority. Thus, the court rejects both of these arguments.

of land for hunting purposes at a cost of one dollar per acre. McCullough's right to lease the land was to survive for the duration of the timber-sales agreement. Plum Creek has now demanded that McCullough accept a new lease rate, at seven times the previously agreed-upon amount. Plum Creek has intentionally and erroneously represented to McCullough that another party to the timber-sales agreement, W.C. Bradley Company, supports Plum Creek's proposed rate increase.

McCullough contends that the above-described actions by Plum Creek amount to breach of contract, tortious interference with a contract, fraud and misrepresentation, and conversion. He states that the latter three claims are the result of Plum Creek's "intentional or gross and reckless" behavior, and thus he seeks punitive damages on each of those claims. Am. Compl. at 2-3 (Doc. No. 1-5).

On November 6, 2009, McCullough's counsel faxed a settlement offer to Plum Creek's attorney. The offer stated, in relevant part,

> "In an effort to resolve this issue we will make the following good faith offer of settlement, this offer in no way diminishes our belief in the validity of our contract:
>
> 1. Payment of $ 110,000.00 to our client.
>
> 2. Three years of hunting rights on the land in question for $ 1.00 per acre.
>
> 3. Hunting privileges on the land in question from 2013-2036 at 50 % of the rate charged to other hunters by Plum Creek for lands in Russell County, AL.
>
> 4. The right to build a small hunting cabin on the properties in question to be used exclusively by my client and/or his guests. (This cabin would be built at the expense of our client.)
>
> This offer is valid until November 10, 2009."

Notice, Def.'s Ex. B (Doc. No. 1-3).

On November 10, Plum Creek filed a notice of removal in this federal court. McCullough's settlement offer was

attached to the notice as defendant's exhibit B.  In the notice, Plum Creek identified itself as "a Delaware limited partnership with its principal place of business in the State of Washington."  Notice at 3 (Doc. No. 1). Plum Creek further explained that the partnership,

> "consists of a single general partner, Plum Creek Timber I, LLC, and a single limited partner, Plum Creek Timber Company, Inc.  Plum Creek Timber I, LLC, is a Delaware Limited Liability Company with its principal place of business in the State of Washington.  Plum Creek Timber Company, Inc. is a Delaware Corporation with its principal place of business in the State of Washington."

Id.

The court, acting sua sponte, subsequently issued an order notifying Plum Creek that, "The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) [&] 1441 (removal)."  Order at 1 (Doc. No. 10).  The court instructed Plum Creek that a notice of removal based on diversity-of-citizenship jurisdiction must allege the citizenship of each member of a limited

liability company. The court provided Plum Creek until December 18 to amend the notice.

Plum Creek filed an amended notice of removal on December 7. The amended notice stated that,

> "Plum Creek Timber I, LLC is a single member LLC. The sole member of Plum Creek Timber I, LLC is Plum Creek Timber Company, Inc. Plum Creek Timber Company, Inc. is a Delaware Corporation with its principal place of business in the State of Washington."

Am. Notice at 3 (Doc. No. 11).

McCullough and Plum Creek have since filed briefs respectively supporting, and responding to, the motion for remand.

## II. DISCUSSION

Unless otherwise prohibited by Congress, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where the action is

6

pending." 28 U.S.C. § 1441(a). A defendant removing a civil action to federal court must file notice of removal within 30 days of its receipt of the initial pleading in the case, or within 30 days of its receipt "of an amended pleading, motion, order or <u>other paper</u> from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(emphasis added). Upon removal, with one or two exceptions not applicable here, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, ... the existence of federal jurisdiction." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1258 (11th Cir. 2002).

McCullough contends that this lawsuit is due to be remanded to state court because Plum Creek failed to comply with the 30-day time-limit dictated by 28 U.S.C. § 1446(b). McCullough further contends that Plum Creek neglected to allege complete diversity of citizenship in its notice of removal and failed to carry its burden of

establishing the requisite amount in controversy.  The court addresses each of these contentions in turn.

A. Compliance with 28 U.S.C. § 1446(b)

Plum Creek's notice of removal concedes that this lawsuit was not removable on the basis of McCullough's complaint.  However, Plum Creek maintains that its "Notice of Removal was timely under 28 U.S.C. § 1446(b), as it was filed within thirty days of Defendant's receipt of 'other paper' (Plaintiff's Settlement Offer) from which Plum Creek was able to first ascertain that this case was removable."  Notice at 2 (Doc. No. 1); Am. Notice at 2 (Doc. No. 11).  McCullough does not dispute that the notice of removal was filed within 30 days of Plum Creek's receipt of his settlement offer; rather he claims that the offer does not constitute "other paper" for purposes of 42 U.S.C. § 1446(b).

In <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007), the Eleventh Circuit Court of Appeals explained that, "What constitutes 'other paper,'

... has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify." According to the court, these documents "include ... settlement offers." Id. (citing Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000)). Following Lowery, courts in this circuit have held that settlement offers can constitute 'other paper' for the purposes of § 1446(b). See, e.g., Jackson v. Select Portfolio Servicing, Inc., ____ F.Supp.2d ____, ____, 2009 WL 2385084 at *1 (S.D. Ala. July 31, 2009) (Steele, J.) ("A settlement offer can of course constitute an 'other paper' within the meaning of 28 U.S.C. § 1446(b)."); Bankhead v. Am. Suzuki Motor Corp., 529 F.Supp.2d 1329, 1333 (M.D. Ala. 2008) (Thompson, J.) (same).

The court declines McCullough's invitation to re-examine this issue on the basis of an alleged "split in the courts as to what specific items constitute 'other

9

paper.'"  Pl.'s Br. at 2 (Doc. No. 12).  Instead, the court holds, once again, that settlement offers may constitute "other paper" for the purposes of § 1446(b) and therefore concludes that Plum Creek's notice of removal was timely filed.

### B. Diversity-of-Citizenship Jurisdiction

Plum Creek contends that this case falls within the court's diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  In other words, Plum Creek claims that removal is proper because the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $ 75,000."  28 U.S.C. § 1332.

#### 1.  Alleging Diverse Citizenship

Section 1332 requires "complete diversity," which means that no party on one side of the suit may be a citizen of the same State as any party on the other side of the suit.  <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806).  To invoke removal jurisdiction based on

diversity, a defendant's notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975).[2] "[F]or the purposes of diversity of citizenship, a limited partnership [such as Plum Creek] is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990)). "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Id. at 1022.

In its initial notice of removal, Plum Creek failed to allege the citizenship of the members of Plum Creek Timber I, LLC, the single general partner of Plum Creek.

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Following an order by this court, Plum Creek remedied that deficiency, filing an amended notice of removal in which it alleged the following: "Plum Creek Timber I, LLC is a single member LLC.  The sole member of Plum Creek Timber I, LLC is Plum Creek Timber Company, Inc.  Plum Creek Timber Company Inc. is a Delaware Corporation with its principal place of business in the State of Washington."  Am. Notice at 3 (Doc. No. 11).

Despite Plum Creek's amended complaint, McCullough maintains that, "The requirement of establishing diversity in each member of the Defendant's LLC has failed since this was not set out in the initial notice of removal."  Pl.'s Br. at 4 (Doc. No. 12).  But McCullough's argument ignores the Eleventh Circuit's clear instruction that, "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653." Corporate Mgmt. Advisors, Inc. V. Artjen Complexus, Inc.,

561 F.3d 1294, 1297 (11th Cir. 2009). Because the omission has been properly cured, McCullough's argument fails.

    2. Establishing the Amount in Controversy

"Where a plaintiff fails to specify the total amount of damages demanded, ... a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement." Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). "[T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." Id. "Under this approach,

jurisdiction is either evident from the removing documents or remand is appropriate." Id.

McCullough did not specify an amount in controversy in his complaint. Therefore, Plum Creek bears the burden of establishing the amount in controversy by a preponderance of the evidence. Plum Creek contends that it has carried this burden by attaching to its notice of removal McCullough's November 2009 settlement letter demanding, among other things, payment of $ 110,000.[3]

In keeping with the recognition that a settlement letter constitutes "other paper" within the meaning of § 1446(b), this court has previously held that "a settlement letter is admissible evidence of the amount in controversy at the time of removal." Bankhead v. Am.

---

3. Plum Creek argues that, "There is no dispute that [McCullough's] settlement demand satisfies Plum Creek's burden of establishing that the amount-in-controversy requirement is satisfied." Def.'s Br. at 3 (Doc. No. 14). Although McCullough's brief is hardly a model of clarity, the court finds that the brief raises such a dispute. Indeed, despite its claim to the contrary, Plum Creek apparently recognized this as well, as it dedicated nearly two pages of its brief to the issue.

Suzuki Motor Corp., 529 F.Supp.2d 1329, 1333 (M.D. Ala 2008) (Thompson, J.); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994) (In determining the amount in controversy in the removal context, a "settlement offer, by itself, may not be determinative, [but] it counts for something."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

McCullough argues that, "In the present case the demand letter was clearly sent in an effort to facilitate a resolution to the case and it is safe to assume that the original demand in no way determines the amount actually in controversy." Pl.'s Br. at 3 (Doc. No. 12). But the court is at a loss as to how it can consider the letter "an effort to facilitate a resolution to the case" and, at the same time, "assume that ... [it] in no way

determines the amount actually in controversy." As the Tenth Circuit Court of Appeals has explained,

> "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal."

McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008). McCullough's settlement letter describes its demand for "[p]ayment of $ 110,000 to our client"--an amount far exceeding $ 75,000--as a "good faith offer of settlement." Notice, Def.'s Ex. B (Doc. No. 1-3). The letter goes on to request valuable non-cash consideration in addition to the demanded payment. What is more, the letter states that "this offer in no way diminishes our belief in the validity of our contract," id., suggesting

that McCullough viewed his offer as a discount, with an eye towards avoiding the costs of continued litigation.[4]

In Bankhead, 529 F.Supp.2d at 1335, this court found that the plaintiff's initial settlement demand for $ 150,000.00 was alone sufficient to establish the requisite amount in controversy. As Plum Creek points out, the demand letter in Bankhead explicitly stated the plaintiff's expectation that the defendant would disagree with his assessment of the value of his claim.[5]

---

4. It is also noteworthy that, as stated above, McCullough's complaint states four separate claims for relief, for three of which he demands punitive as well as compensatory damages. The court assumes that each of these claims and demands was made in good faith.

5. Plum Creek attached as exhibit A to its own brief, the plaintiff's demand letter in Bankhead v. American Suzuki Motor Co., No. 3:07-cv-208 (M.D. Ala. 2009) (therein filed as Def.'s Br., Ex. A (Doc. No. 25-2)). That letter stated, in pertinent part, "After careful review of my client's injuries, including the property damage portion of this case, my client hereby demands $150,000.00 to settle this matter. Of course, I know you will disagree with my value assessment and, if so, ask you to submit a fruitful counteroffer thereto." Def.'s Br., Ex A (Doc. No. 14-2).

McCullough's letter shows no such lack of confidence in his assessment, thus providing stronger evidence of the amount in controversy than the settlement demand in Bankhead.

To be sure, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., ____ F.Supp.2d ____, ____, 2009 WL 2385084 at *1 (S.D. Ala. July 31, 2009) (Steele, J.). McCullough asserts that his "letter was no more than posturing of the parties to determine whether further discovery was necessary." Def.'s Br. at 3 (Doc. No. 12). But he does nothing to support or explain this assertion, and the court views it as little more than an effort to avoid federal jurisdiction. See Bankhead, 529 F.Supp.2d at 1334 (construing a "second settlement demand letter [for less than the jurisdictional amount] as a post-removal waiver of a certain amount of damages in an effort to

deprive this court of jurisdiction"). Indeed, the court agrees with Plum Creek that the demand for "additional, valuable, non-cash terms demonstrat[es, or at least suggests,] a careful analysis of the case by the Plaintiff." Def.'s Br. at 4 (Doc. No. 14). Furthermore, even if some degree of posturing was involved, the court notes again that the settlement offer not only stated a demand for payment substantially exceeding the jurisdictional amount, but also included a request for additional non-cash consideration. Thus, the gap between the value of the demand and the minimum jurisdictional amount allows room for some puffing and posturing while still providing sufficiently reliable evidence that, by McCullough's own estimation, at least the minimum jurisdictional amount is in controversy.

Based on the foregoing, and as required by Lowery, 483 F.3d at 1211, the court finds that the requisite jurisdictional amount is "readily deducible" from the "face of [the removal] documents before the court." In

this case, the most significant removal document is McCullough's self-described "good faith offer of settlement" for an amount substantially exceeding the jurisdictional minimum.

***

Accordingly, it is the ORDER of the court that plaintiff Norman McCullough's motion for remand (doc. no. 6) is denied.

DONE, this the 4th day of January, 2010.

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**